UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LISA SALLAJ,

      Plaintiff,

      v.

LAURA HOWARD, SECRETARY OF KANSAS
DEPARTMENT FOR AGING AND
DISABILITY SERVICES, IN HER OFFICIAL
CAPACITY, *et al..*,

      Defendant.

Case No. 25-1119-DDC-BGS

**ORDER DENYING MOTION TO STRIKE AFFIRMATIVE DEFENSES**

NOW BEFORE THE COURT is Plaintiff's "Motion to Strike Defendant's Affirmative Defenses Pursuant to Fed. R. Civ. P. 12(f)." (Doc. 63.) Therein, Plaintiff argues that certain of the affirmative defenses raised by Defendants are "redundant, legally insufficient, and represent an improper attempt to re-litigate issues this Court has already conclusively decided in its Memorandum and Order of January 27, 2026 (Doc. 52)." (Doc. 63, at 1.) For the reasons stated herein, the Motion is **DENIED**.

**FACTUAL BACKGROUND**

Plaintiff filed her federal court Complaint alleging an unfair denial of Medicaid services in violation of federal statute(s) and her Constitutional rights. (Doc. 1.) Plaintiff named the following Defendants: Laura Howard, Secretary of the Kansas Department of Aging and Disability Services, in her official capacity, UnitedHealthcare of the Midwest, Inc.,[1] and Modivcare.

---

[1] Hereinafter, UnitedHealthcare will be referred to as "Defendant UHC" or simply "Defendant" as it is the only remaining Defendant in the case.

1

After screening Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(a), the undersigned Magistrate Judge granted *in forma pauperis* status to Plaintiff. (Doc. 4.) As a result of the screening, the undersigned indicated there were no grounds to recommend dismissal of the case (in its entirety) at that time. Thus, service was authorized on the named Defendants. That stated, the undersigned held that the initial screening determination did "not constitute any finding on the merits of Plaintiff's claims, and Defendants retain all rights to challenge the sufficiency of the Complaint through appropriate motion practice." (*Id.*)

Motions to Dismiss were subsequently filed on behalf of Defendants Howard and UHC. (Docs. 11, 33.) The District Court ultimately granted Defendant Howard's dispositive motion while granting the motion of Defendant UHC in part, which, in effect, dismissed all claims in this case except for Plaintiff's breach-of-contract claim against UHC.[2] (*See generally* Doc. 52.) Because the District Court held that Plaintiff's surviving claims against Defendant UHC do not involve Defendant Modivcare, Defendant Modivcare was also dismissed from this lawsuit.[3] (*Id.*, at 8, 18.)

Subsequently, Defendant UHC – the only remaining Defendant in this case – filed its Answer on February 10, 2026. (Doc. 60.) Therein, Defendant included various "Additional and Affirmative Defenses", the following of which are at issue in Plaintiff's motion:

> 1. Count I fails to state a plausible claim for relief and should be dismissed.
>
> 2. Plaintiff's claim in Count I is not legally cognizable against UHC. The requirement to provide NEMT and to complete a Person Centered Service Plan is contained in federal statutes and regulations

---

[2] On March 11, 2026, Distrct Judge Daniel Crabtree entered an Order directing Plaintiff to show cause why the Distrct Court should not decline to exercise supplemental jurisdiction over the remaining state law claim. (Doc. 83.) Plaintiff has responded to the Court. (Doc. 84.) The Order, however, remains pending before the District Court.

[3] The District Court noted that although Modivcare had not filed a responsive pleading at the time of its Order, "a district court 'may properly on its own motion dismiss an action' against 'defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related.' " (Doc. 52, at 18 (citing *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) and *Sipple v. Zevita*, No. 23-cv-4038-HLT, 2023 WL 4706621, at *5 (D. Kan. July 24, 2023) (dismissing unserved defendant where moving defendant's arguments applied equally to unserved defendant).) The District Court also held that dismissal was justified pursuant to Section 1915 of Title 28. *Id.*

that apply to the State. The State contracts with UHC to perform and/or coordinate certain services on its behalf as part of its duties as an MCO. But there is no private right of action against Defendant under those federal statutes and regulations.  Additionally, those same federal statutes and regulations require the State to provide access to a State Fair Hearing process to challenge participation in the TBI Waiver Program and/or problems with the provision of NEMT transportation services under KanCare.  Additionally, they require the State to conduct oversight of the MCO's activities, which oversight is governed by the contract between UHC and the State.  The State Fair Hearing process was available to Plaintiff on all her claims, but she did not take advantage of it as it relates to the provision of NEMT and the participation in the TBI Waiver Program that ended in 2023. Accordingly, there is no legal basis for a state breach of contract claim related to the Person Centered Service Plan against UHC.

3. The Person Centered Service Plan is not a contract. It is a document legally required by federal statutes and regulations in order for Plaintiff to participate in the TBI Waiver Program.  It is essentially part of the application process for the government program.  There is no private right of action against UHC related to that document.

4. There is no contract between Plaintiff and UHC.

5. The State is the only entity that can answer for violation of the federal Medicaid statutes and regulations, including those related to NEMT, the TBI Wavier Program, and the Person Centered Service Plan. The State can fine and/or conduct oversight proceedings related to the MCO, but there is not a private right of action against the MCO.

…

8. The Court does not have subject matter jurisdiction.

9. Plaintiff failed to pursue a State Fair Hearing process to address her claims, as required by federal and state law as well as her health plan.  Her only avenue for relief on these claims was to pursue such a claim, that could then be challenged in Court under the Kansas Judicial Review Act.

(*Id.*, at 7-9.)  The Court will address these defenses in turn.

## **ANALYSIS**

As stated above, Plaintiff has moved to strike certain of Defendant's affirmative defenses.

Pursuant to Fed. R. Civ. P. 8(c) a party must "affirmatively state any avoidance or affirmative

defense" when responding to a pleading.  In pleading an affirmative defense, a defendant must set forth a "short and plain" statement of the nature of the defense, including a "short and plain" statement of the facts.  *Sprint Commc'ns Co. v. Theglobe.com, Inc.*, 233 F.R.D. 615, 618 (D. Kan. 2006). Doing so ensures that the opposing party has fair notice of the defense and the grounds upon which it rests.  *Id.*

As an initial matter, Defendants contend that "none of the challenged defenses here are affirmative defenses."  (Doc. 77, at 3.)  Rather, Defendant contends they are general defenses. "[G]eneral defenses directly negate elements of a plaintiff's claim while an affirmative defense insulates a defendant from liability even if Plaintiff has proven each element of an offense."  *Flyland Designs Inc. v. Jake's Fireworks*, No. 24-2230-EFM-BGS, 2024 WL 3252335, at *2 (citing *Fed. Trade Comm'n v. Affiliate Strategies, Inc.*, No. 09-4104-JAR, 2010 WL 11470103, at *7 (D. Kan. June 8, 2010) and *Ear v. Empire Collection Authorities, Inc.*, No. 12-1695-SC, 2012 WL 3249514, at *2 (N.D. Cal. Aug. 7, 2012)).  The Court acknowledges this distinction because a different standard applies when moving to strike an affirmative defense as opposed to striking a general defense, as discussed below.

Regardless, the standard for determining the viability of any defense is set forth under Fed. R. Civ. P. 12(f), which provides that a party may move to strike an insufficient defense.  *See also Destiny Clark v. Newman Univ., Inc.*, No. 19-1033-JWB, 2021 WL 2024891, at *6 (D. Kan. May 21, 2021) (citing *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-2381-JWL-GLR, 2011 WL 3847076, at *6 (D. Kan. Aug. 29, 2011)).  Under Fed. R. Civ. P. 12(f), a defense may be stricken as insufficient if it is found to be "redundant, immaterial, impertinent, or scandalous matter."  *See also Flyland Designs*, 2024 WL 3252335, at *2.  This rule is meant to "minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial."  *Resolution Trust Corp. v. Tri-State Realty Investors of K.C., Inc.*, 838 F. Supp. 1448, 1450 (D. Kan. 1993).

"Rule 12(f) affords the court broad discretion … to 'strike from a pleading an insufficient defense … .'" *The Bull, LLC v. Memon*, No. 24-3511-REB-KAS, 2025 WL 902426, 1 (D. Colo. March 6, 2025) (citing *Robledo-Valdez v. Colorado Department of Corrections*, No. 20-0247-WJM-NRN, 2020 WL 13840761 at *2 (D. Colo. Aug. 26, 2020)).  Motions to strike insufficient defenses are disfavored as a "drastic remedy." *Salazar v. Flavin*, No. 14-0515-LH-KBM, 2015 WL 13662588, *2 (D. N.M June 4, 2015).  *Cf. Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465-KHV, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008) (holding that striking affirmative defenses is a drastic remedy).  Thus, the movant bears a burden that has been described as both "demanding" and "formidable." *Roderick Revocable Living Trust v. XTO Energy, Inc.*, No. 08-1330-JTM, 2009 WL 603641, at *2 (D. Kan. Mar. 9, 2009) (describing a movant's burden as "demanding"); *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am.*, 474 F. Supp. 2d 75, 79 (D.D.C. 2007) (describing such a burden as "formidable").

Motions to strike a defense "should be granted only when the allegations contained in the defenses are wholly unrelated to the controversy and may be prejudicial to one of the parties." *Flyland*, 2024 WL 3252335, at *2.  "If there is any doubt as to whether a certain matter may raise an issue, the motion should be denied." *Id.*; *see also PHH Mortgage Corp. v. Stuber*, 766 F. Supp. 3d 1162, 1177-78 (D. Kan. 2025).

Courts in this District have recently determined that the heightened *Iqbal/Twombly* dismissal standard[4] applies to affirmative defenses.  *Flyland*, 2024 WL 3252335 , at *2 (citations omitted).  On the other hand, the *Iqbal/Twombly* heightened pleading standard does not apply to general defenses. *Id.*  Because of the distinction between a general defense versus an affirmative defense, "[s]imply invoking the [general] defense in a responsive pleading is sufficient to put the plaintiff on notice of

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

the defense and the defendant need not meet the rigid plausibility standard described in *Iqbal* and *Twombly*." *Id.* (citation omitted).

The pleading that is the subject of the motion to strike is viewed by courts in the light most favorable to the pleader. *Federal Trade Commission v. Affiliate Strats., Inc.*, No. 09-4101-JAR-KGS, 2010 WL 11470103, at *1 (D. Kan. June 8, 2010) (citing *Fluid Control Prods., Inc. v. CAS Aeromotive, Inc.*, No. 4:09-CV-1667, 2010 WL 427765, at *2 (E.D. Mo. Feb. 1, 2010)). "If there is any doubt as to whether to strike a matter, courts should deny the motion." *Id.* (citing *Miller v. Pfizer, Inc.*, No. Civ. A. 99-2326-KHV, 1999 WL 1063046, at *3 (D. Kan. Nov. 10, 1999)). *See also PHH Mortgage Corp. v. Stuber*, 766 F. Supp. 3d 1162, 1177-78 (D. Kan. 2025).

As stated above, Plaintiff argues that defenses 1-5, 8, and 9 should be stricken as "redundant, legally insufficient, and represent[ing] an improper attempt to re-litigate issues this Court has already conclusively decided" in the District Court's Order on Defendants' Motions to Dismiss. (Doc. 63, at 1 (citing Doc. 52).) The Court sees no benefit to engaging in an extended analysis as to whether each of the numerous defenses at issue is a general or an affirmative defense. Applying either the more stringent *Iqbal/Twombly* standard for affirmative defenses or the more relaxed standard for general defenses, Plaintiff has not met her burden to strike any of the defenses at issue. In her motion, Plaintiff has grouped the defenses together by relevant argument; the Court will address them accordingly.

## I.     Law of the Case.

Initially, Plaintiff argues that Defendant's first (failure to state a plausible claim), third (person-centered service plan is not a contract), and fourth (no contract between Plaintiff and Defendant) listed defenses directly contradict the District Court's dispositive motion ruling. (Doc. 63, at 2.) Plaintiff contends that these defenses are "foreclosed by the 'law of the case' doctrine, which prevents the relitigation of issues already decided in the same case" because the District Court

found that the breach of contract claim against Defendant UHC "was plausible and would proceed."

(*Id.*)

In making this argument, Plaintiff relies on the following language from the District Court's

Order regarding the contract she signed:

> And liberally construed, the Complaint alleges that UHC violated this contract by failing to provide services to her. … UHC's arguments about plaintiff's third-party beneficiary status don't apply to this contract because plaintiff was a party to it.
> … The court thus denies UHC's request to dismiss plaintiff's breach-of-contract claim predicated on the contract between UHC and plaintiff.

(Doc. 52, at 8-9.)  According to Plaintiff, this ruling from the District Court "that the claim was

plausible and that the Person-Centered Service Plan could serve as the basis for a contract between

the parties" constitutes the law of this case.  (Doc. 63, at 3.)  Plaintiff thus argues that these defenses

amount to Defendant attempting to "simply reiterate arguments already rejected at the motion to

dismiss stage [which are] invalid.  (*Id.* (citing *Scriven v. Vital Core, LLC*, No. 23-2283-JAR-ADM, 2024

WL 11757161, at *3 (D. Kan. Dec. 9, 2024).)

Defendant responds that the law of the case doctrine is inapplicable to the District Court's

motion to dismiss order because that Order "only evaluates the sufficiency of the allegations without

the benefit of evidence," which is "not the same inquiry that [the District Court would undertake,

for example, on a future summary judgment motion."  (Doc. 77, at 3-4.)  In other words, any

"potential" defenses by Defendant "were addressed in the context of a motion to dismiss, which

involves a different legal standard than one for summary judgment or at trial."  (*Id.*, at 7.)

"On a motion to dismiss, a court examined the conduct alleged in the complaint to

determine if plaintiff has alleged a violation of clearly established law, whereas, on a motion for

summary judgment, a court examines the evidence gathered during discovery." *Robbins v. Wilkie*, 433

F.3d 755, 764–65 (10th Cir. 2006), *rev'd and remanded on other grounds,* 551 U.S. 537, 127 S. Ct. 2588,

168 L. Ed. 2d 389 (2007), and *vacated on other grounds*, 497 F.3d 1122 (10th Cir. 2007).  Defendant continues that striking these defenses under the law of the case doctrine prior to discovery is unwarranted because Defendant "will support these defenses with facts that could not be considered on a Motion to Dismiss."  (Doc. 77, at 5.)

The Court agrees.  In evaluating Defendants' Rule 12(b) Motions to Dismiss, the District Court generally "may not look beyond the four corners of the complaint."  *Am. Power Chassis, Inc. v. Jones*, No. 13-4134-KHV, 2017 WL 3149291, at *3 (D. Kan. July 25, 2017) (citing *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*, 475 F.Supp.2d 1092, 1097 n.3 (D. Kan. 2007)).  Limiting the "law of the case" to a District Court ruling that considered only the allegations contained in Plaintiff's Complaint would subvert the entire discovery process.  Defendant is free to maintain these defenses and attempt to support them with evidence that is in its possession and/or that it compiles during the discovery process.  This portion of Plaintiff's motion as to defenses 1, 3, and 4 is **DENIED**.

## II.     Defenses Regarding the State Fair Hearing Process.

Plaintiff next argues that Defendant's second (no legal basis for breach of contract against UHC), fifth (only the State can answer for violation of federal Medicaid statutes), and ninth (Plaintiff failed to pursue a State Fair Hearings process) listed defenses are improper because they "attempt to resurrect the argument that Plaintiff's sole remedy lies within the state administrative process."  (Doc. 63, at 3.)  These defenses boil down to there being no private cause of action available to Plaintiff and that she failed to exhaust her administrative remedies.

In ruling on the Motions to Dismiss, the District Court did reject, as unsupported, Defendant UHC's argument that the contract at issue is not viable because it relates to the Brain Injury waiver program, which falls under the Kansas Judicial Review Act.  (*See* Doc. 52 (citing Doc. 42 at 3).)  Plaintiff thus argues that by allowing her breach of contract claim to proceed, the District Court

> implicitly recognized that a judicial claim for damages based on a breach of a signed service plan is a distinct cause of action from an administrative appeal of a benefits determination.  The State Fair Hearing process is not the exclusive remedy for a breach of contract, and UHC's attempt to argue otherwise is a legally insufficient defense that has already been dismissed by this Court.

(Doc. 63, at 3.)

As in the prior section, Defendant argues that it "will support these defenses with facts that could not be considered on a Motion to Dismiss."  (Doc. 77, at 5.)  Defendant continues that

> the State of Kansas is required to provide a 'State Fair Hearing Process' and it does provide that process to Medicaid beneficiaries. …  The evidence will show that UHC notified Plaintiff of this process, but she failed to pursue it.  Finally, the contract between UHC and the State (to which Plaintiff is not a third party beneficiary) discusses various obligations related to the PCSP and the State Fair Hearing Process. The Court has not considered or issued a ruling based on any of the foregoing evidence.

(*Id.*, at 6.)

As such, the Court agrees that Defendant UHC's "defenses have not been evaluated or decided on the merits by the Court," but rather that the District Court considered only the allegations contained in Plaintiff's Complaint, as it was required to do in the context of Defendants' Rule 12(b) motions to dismiss.  As such, this portion of Plaintiff's motion as to defenses 2, 5, and 9 is **DENIED**.

## III.    Jurisdictional Defense.

Defendant's eighth listed defense states that "[t]he Court does not have subject matter jurisdiction."  (Doc. 60, at 8.)  Plaintiff argues this defense is legally baseless because there is diversity jurisdiction pursuant to 28 U.S.C. § 1332 and the amount in controversy exceeds the $75,000 statutory minimum because it includes "medical bills and travel cost of more than $75,000, given the significant damages resulting from the breach of contract, denial of necessary medical services and transportation."  (Doc. 63, at 4.)

9

Defendant correctly argues that "subject matter jurisdiction is not a defense that can be waived and can be raised at any time." (Doc. 77, at 7.)  *See U.S. v. Cotton*, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785, 152 L.Ed.2d 860 (2002) (holding that the "concept of subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.").  Defendant continues that Plaintiff has not met the amount in controversy requirement because the Complaint alleges the following financial damages:

- $2,000 in moving expenses;
- Unpaid $12,000 in unpaid emergency medical bills.
- Pain and suffering $250,000.
- Emotional Distress $250.00 [sic].

(*Id.* (citing Doc. 1 at 10, ¶ 25).)

Plaintiff's Complaint also seeks an award of "compensatory damages for physical injuries, emotional distress, pain and suffering, and financial losses[.]" (Doc. 1, at 13.)  It is well-established that damages for "pain and suffering" and/or "emotional distress" are unavailable in Kansas for a breach of contract claim.  *See Jensen v. Bogart*, No. 25-3194-JWL, 2025 WL 2841215, at *3 (D. Kan. Oct. 7, 2025) (quoting *McKenzie v. Office Depot Store*, 2012 WL 5869830, at *2 (D. Kan. 2012) (citation omitted) (holding that "damages for pain and suffering are not cognizable for breach of contract under Kansas law.")).  Defendant asserts that considering only Plaintiff's available categories of damages, she has alleged damages in an amount less than $14,000, which will be addressed by a future dispositive motion from Defendant.  (Doc. 77, at 8.)

Defendant then argues that if Plaintiff cannot meet the amount in controversy requirement for diversity jurisdiction, the Court should not exercise supplemental jurisdiction, which is discretionary.  (*Id.* (citing *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73, 118 S. Ct. 523, 533, 139 L.Ed.2d 525 (1997).)  Therefore, according to Defendant, "the point is that the defense is

10

not 'beyond doubt.' " (*Id.*)  "If there is any doubt as to whether to strike a matter," such as exists here, "courts should deny the motion" to strike. *Affiliate Strats., Inc.*, 2010 WL 11470103, at *1.

Based on the parties' briefing, it is clear that subject matter jurisdiction is at issue and will need to be addressed through discovery and, potentially, additional motion practice and briefing.  As such, the Court **DENIES** Plaintiff's motion as to defense 8.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion to Strike Defendant's Affirmative Defenses Pursuant to Fed. R. Civ. P. 12(f)" (Doc. 63) is **DENIED**.

**IT IS SO ORDERED.**

Dated March 19, 2026, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge

11