## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LISA SALLAJ,

       **Plaintiff,**

v.

**UNITEDHEALTHCARE OF THE MIDWEST, INC.,**

       **Defendant.**

**Case No. 25-1119-DDC-BGS**

## <u>MEMORANDUM AND ORDER</u>

Just one claim from pro se[1] plaintiff Lisa Sallaj's Complaint survived the court's recent Order (Doc. 52). Because only a state-law claim remains, the court ordered plaintiff to show cause why the court shouldn't decline to exercise supplemental jurisdiction and dismiss this case. Plaintiff timely responded. This Order resolves that jurisdictional issue. Also before the court are two motions from plaintiff—one asking the court to certify its interlocutory order for appeal (Doc. 71) and another asking for the undersigned to recuse (Doc. 72). The court takes up these issues, in turn, starting with the jurisdiction issue.

### I.  Subject Matter Jurisdiction

Plaintiff's Complaint asserts that the court has federal-question jurisdiction over this case. *See* Doc. 1 at 1 (Compl. ¶ 1). But the court dismissed all federal claims in this case. *See* Doc. 52 at 26–27. The court thus ordered plaintiff to show cause why the court shouldn't decline to

---

[1]  Plaintiff proceeds pro se. The court construes her filings liberally and "hold[s] [them] to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court doesn't "assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110.

exercise supplemental jurisdiction over the remaining state-law claim and dismiss this case. Doc. 83.  Plaintiff timely responded, arguing that (1) exceptional circumstances in this case justify exercising supplemental jurisdiction and (2) diversity jurisdiction now exists.  Doc. 84. The court rejects both arguments and thus dismisses the Complaint (Doc. 1) without prejudice for lack of subject matter jurisdiction.  But, in the interest of judicial economy, the court will refrain from closing this case and permit plaintiff to file a motion to amend her pleading within 14 days of this Order.

Start with supplemental jurisdiction.  The court declines to exercise it.  "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary."  *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990). No "compelling reasons to the contrary" exist here.  *Id.*  Plaintiff argues that dismissal would lead to duplicative litigation in state court and would work manifest injustice against her because she's invested time and effort in this forum.  *Id.*  That's not right.  This case is in its early stages; the parties haven't expended much effort.  Any effort expended in this court readily would translate to a state-court proceeding.  This case isn't an exceptional one that warrants supplemental jurisdiction in the absence of any federal claim.  So, the court declines to exercise it.

Now turn to diversity jurisdiction.  Plaintiff argues that, after dismissing all nondiverse defendants, the court now has diversity jurisdiction.  Doc. 84 at 1–2.  And she asserts, her claims against defendant exceed the $75,000 amount-in-controversy requirement.  *Id.* at 2.  The issue? The Complaint alleges neither the amount in controversy nor that the court may exercise diversity jurisdiction.  *See generally* Doc. 1.  That's a problem.  Ordinarily, courts decline to "consider grounds for jurisdiction that are not asserted within the operative complaint."  *Kehoe v.*

*Nat'l Sci. Found.*, No. 23-cv-02690-DDD-SBP, 2025 WL 3242413, at \*11 n.7 (D. Colo. Aug. 28, 2025), *report and recommendation adopted*, 2025 WL 3242372 (D. Colo. Sept. 26, 2025). In other words, for the court to exercise diversity jurisdiction, "the complaint must allege that the plaintiff and defendant are citizens of different states and that the amount in controversy is greater than $75,000." *Rice v. Off. of Servicemembers' Grp. Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001). And here, the Complaint never invokes diversity jurisdiction nor alleges that the amount in controversy exceeds $75,000. *See generally id.* Plaintiff's late-breaking effort to invoke diversity jurisdiction is too little, too late. *See Ryan v. Corizon Health*, No. 20-CV-98-ABJ, 2021 WL 3375674, at \*11 (D. Wyo. July 22, 2021) ("[T]his Court, and others, are unaware of any authority allowing a party to proceed under diversity jurisdiction when the case was initiated on federal question jurisdiction, but the basis for the federal question disappeared and diversity emerged."); *Henok v. JPMorgan Chase Bank, N.A.*, 106 F. Supp. 3d 1, 6 (D.D.C. 2015) (similar).

In short, the court lacks diversity jurisdiction over the operative pleading in this case. This conclusion requires the court to dismiss the Complaint without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (instructing that dismissals for lack of jurisdiction "must be without prejudice"). But, the court recognizes plaintiff has asserted she's armed with facts that might suffice for the court to exercise diversity jurisdiction. *See* Doc. 84 at 1–4. So, in the interest of judicial economy, the court will delay entering judgment and closing this case. Plaintiff, at her option, may file a motion for leave to amend her complaint within 14 days. If she elects to do so, she must comply with all governing procedural rules. *See* D. Kan. Rule 15.1; Fed R. Civ. P. 15. If plaintiff doesn't file a motion for leave to amend within 14 days, the court will enter judgment and close this case.

3

## II.        Motion to Reserve Right to Appeal (Doc. 71)

Plaintiff next has filed a Motion to Reserve Right to Appeal (Doc. 71).  She asks the court to acknowledge her right to appeal the court's prior Memorandum and Order (Doc. 52) and to enter that Order "as a final judgment" for "the dismissed parties and claims[.]"  Doc. 71 at 2. The court declines.

The court liberally construes plaintiff's motion as one filed under Rule 54(b).  Rule 54(b) provides that when an action involves multiple claims or parties, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  District courts do not grant Rule 54(b) requests "routinely."  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980).  As our Circuit has cautioned, "trial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one:  to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships."  *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (quotation cleaned up).  Before entering a Rule 54(b) judgment, the court must make two determinations:  *first*, the court "must determine that the order it is certifying is a final order[,]" and *second*, the court must conclude "that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case."  *Id.* (citing *Curtiss-Wright Corp.*, 446 U.S. at 7–8).  As the court explains next, plaintiff can't satisfy this second element.  So, the court needn't consider the first.

Plaintiff hasn't shown that there's "no just reason to delay" entry of judgment.  *Id.* Courts ordinarily make this "determination only in the infrequent case in which a failure to do so might have a harsh effect."  10 *Wright & Miller's Federal Practice & Procedure* § 2659 (4th ed. 2026).  The court weighs "Rule 54(b)'s policy of preventing piecemeal appeals against the hardship or injustice that might be inflicted on a litigant because of the delay."  *McKibben v.*

*Chubb*, 840 F.2d 1525, 1528 (10th Cir. 1988) (quotation cleaned up).  Plaintiff's motion doesn't identify any "undue hardship" that she might face.  *Okla. Tpk. Auth.*, 259 F.3d at 1242 (quotation cleaned up).  To the contrary, this case is a run-of-the-mill one, one where the general policy against piecemeal appeals militates against certifying this case for immediate appeal.  That's especially so because the factual basis for plaintiff's surviving breach-of-contract claim is "so intertwined" with her dismissed claims so "as to be inseparable" from one another.  *Id.* at 1243.  In other words, the dismissed claims "have so much factual overlap" with the surviving claim that a "certification under Rule 54(b) of an order disposing" of the other claims is inappropriate and contrary to the policy against piecemeal appeals.  *Id.*

The court thus denies plaintiff's Motion to Reserve Right to Appeal (Doc. 71).  The court takes up plaintiff's motion asking the court to recuse, next.

### III.        Motion to Disqualify (Doc. 72)

Plaintiff has filed a Motion to Disqualify (Doc. 72), asking the undersigned to recuse. Plaintiff argues that (1) the undersigned worked at the law firm who now represents defendant and (2) the court dismissed many of plaintiff's claims.  The court isn't persuaded.[2]

Start with the governing legal standard.  Two statutes govern judicial recusal, 28 U.S.C. §§ 144 and 455.  *See Burleson v. Sprint PCS Grp.*, 123 F. App'x 957, 959 (10th Cir. 2005).  For disqualification under § 144, the moving party must submit an affidavit showing bias and prejudice.  *Id.* at 959–60 (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)).  The bias and prejudice must be personal, extrajudicial, and identified by "'facts of time, place, persons, occasion, and circumstances.'"  *Id.* at 960 (quoting *Hinman v. Rogers*, 831 F.2d 937,

---

[2]        Because the court lacks jurisdiction over the operative pleading, plaintiff's recusal request is moot.  *See Stein v. New Mexico*, 684 F. App'x 720, 720 n.1 (10th Cir. 2017) ("[O]ur conclusion that the court lacks subject matter jurisdiction also renders the recusal issue moot.").  But because the court won't dismiss the case yet, it takes up the substance of the recusal motion.

939 (10th Cir. 1987)).  Alternatively, under the relevant parts of § 455, a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party[.]"  28 U.S.C. § 455(a), (b)(1).  The test for determining impartiality is an objective one, based on a judge's "outward manifestations and reasonable inferences drawn therefrom."  *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995).  "Ordinarily, when a judge's words or actions are motivated by events originating within the context of judicial proceedings, they are insulated from charges of bias."  *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing *Liteky v. United States*, 510 U.S. 540, 554–56 (1994)).  "Recusal may be appropriate, however, when a judge's decisions, opinions, or remarks stem from an extrajudicial source—a source outside judicial proceedings."  *Id.* (citing *Liteky*, 510 U.S. at 554–55).  And while judges "have a strong duty to recuse when appropriate," they also owe "a strong duty to sit[.]"  *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017).

Plaintiff's first argument—that the undersigned worked at the law firm who now represents defendant—isn't compelling.  The court already raised this issue with the parties, Doc. 29, and gave them an opportunity to lodge objections, Doc. 28.  Plaintiff didn't object to the undersigned presiding over this case.  Or she objected and the Chief Judge of our court determined that the undersigned needn't recuse.  *See id.*  Either way, her current objection—filed only after the court ruled against her—rings hollow.  Regardless, binding precedent instructs that "a judge's prior membership in a firm who counsel appears before the court" doesn't automatically "require recusal."  *Farmer v. Banco Popular v. N. Am.*, 791 F.3d 1246, 1256 n.5 (10th Cir. 2015); *see also N.M. Horsemen's Ass'n v. Sunray Gaming of N.M., LLC*, No. 24-cv-00235-MLG-DLM, 2024 WL 2804121, at *5 (D.N.M. May 31, 2024) (compiling cases for

6

proposition that judge's prior involvement with firm in case "is insufficient grounds to warrant

. . . recusal").

Nor is plaintiff's second argument—that the court ruled against her—persuasive. Our

Circuit's law is clear: "'[A]dverse rulings cannot in themselves form the appropriate grounds for

disqualification.'" *Nickl*, 427 F.3d at 1298 (quoting *Green v. Branson*, 108 F.3d 1296, 1305

(10th Cir. 1997)). Plaintiff simply hasn't cited any "'factual grounds'" that would "'cause a

reasonable, objective person, knowing all the relevant facts, to question the judge's

impartiality.'" *Id.* (quoting *United States v. Pearson*, 203 F.3d 1243, 1277 (10th Cir. 2000)). So

the court denies her request for recusal.

Plaintiff's motion also asks the court to reconsider its Memorandum and Order (Doc. 52)

under Fed. R. Civ. P. 59(e). Doc. 72 at 3–4. The court denies this request. Rule 59(e) applies

only to final judgments. *Cummings v. Othmer*, No. 20-2371-DDC-JPO, 2021 WL 3710016, at

*1 n.4 (D. Kan. Aug. 20, 2021). And the court hasn't entered any final judgment in this case.

So, Rule 59(e) has no bearing here. Nor can plaintiff succeed in her motion for reconsideration

under our local rule, D. Kan. Rule 7.3. That's so because her motion is untimely under that rule,

which requires litigants to seek reconsideration within 14 days of a ruling. D. Kan. Rule 7.3.

Plaintiff filed her motion here 23 days after the court published its Order (Doc. 52). The court

thus denies plaintiff's request to reconsider its previous ruling in this case.[3]

Finally, plaintiff's motion asks for leave to amend her Complaint to include a demand for

a jury trial. Doc. 72 at 4. Because this Order has dismissed plaintiff's Complaint, her request to

add a jury-trial demand to it is moot, and the court denies it. To reiterate, plaintiff may seek

---

[3]     Plaintiff's reply brief faults the court for not offering her a chance to amend her pleading. Doc.
81 at 3. But plaintiff never has requested leave to amend. And, with this Order, the court expressly offers
plaintiff the opportunity to move for leave to amend before the court dismisses this action. Plaintiff is
reminded that the court can't serve as her advocate.

leave to amend her Complaint within 14 days of this Order.  She is free to include a jury-trial demand in her proposed amended pleading, should she choose to file one.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Complaint (Doc. 1) is dismissed without prejudice.  Plaintiff may file a motion for leave to amend her pleading within 14 days of this Order.  If plaintiff fails to do so, the court will enter judgment and close this case.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion to Reserve the Right to Appeal (Doc. 71) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion to Disqualify (Doc. 72) is denied.

**IT IS SO ORDERED.**

**Dated this 4th day of May, 2026, at Kansas City, Kansas.**

<u>**s/ Daniel D. Crabtree**</u>
**Daniel D. Crabtree**
**United States District Judge**

8