**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

LISA SALLAJ,

      Plaintiff,

      v.

UNITED HEALTHCARE OF THE MIDWEST,
INC., ,

      Defendant.

Case No. 25-1119-AWM-BGS

## <u>ORDER DENYING MOTION TO AMEND AND TO ADD ADDITIONAL PARTIES</u>

Before the Court are Plaintiff's "Motion for Leave to File Amended Complaint" (Doc. 94) and "Motion to Add Defendants Modivcare Solutions, LLC and Thrive Therapy of Kansas, LLC" (Doc. 95).  Briefing on the motions is complete.

In the former motion, Plaintiff argues that since her original Complaint was filed, she has "obtained additional information regarding the proper corporate identities of the Defendants, the scope of their contractual and legal obligations, and the specific factual circumstances underlying her claims."  (Doc. 94, at 1.)  She asserts that the proposed pleading "clarifies the identities of the Defendants, adds a necessary party (Thrive Therapy of Kansas, LLC, hereinafter "Thrive"), removes the claim against Laura Howard/KDADS in her official capacity, and refines the legal theories to more accurately reflect the facts and applicable law."  (*Id.*)  In the latter motion, Plaintiff seeks to add previously-dismissed Defendant ModivCare Solutions, LLC (hereinafter "ModivCare") and Thrive as Defendants to "clarify [her] intent to include these parties, following the Court's prior orders regarding the dismissal of the original complaint and the status of these specific entities." (Doc. 95, at 1)

1

As more fully discussed herein, the proposed amended Complaint submitted by Plaintiff (Doc. 94-1) does not comply with the parameters and limitations Judge Crabtree set in allowing Plaintiff leave to amend.  (*See generally* Doc. 83.)  Thus, the Court cannot grant Plaintiff's Motions and allow her proposed amended Complaint to be filed.  Plaintiff's motions are, therefore, **DENIED without prejudice**.  Plaintiff shall be allowed one final opportunity to move to amend her Complaint consistent with Judge Crabtree's[1] directives.

## FACTUAL BACKGROUND

Plaintiff filed her federal court Complaint alleging an unfair denial of Medicaid services in violation of federal statute(s) and her Constitutional rights.  (Doc. 1.)  Therein, Plaintiff named the following Defendants:  Laura Howard, Secretary of the Kansas Department of Aging and Disability Services, in her official capacity, UnitedHealthcare of the Midwest, Inc.,[2] and ModivCare.  (*Id.*)

After screening Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(a), the undersigned Magistrate Judge granted *in forma pauperis* status to Plaintiff and authorized service on the named Defendants.  (Doc. 4.)  The Complaint asserted numerous state and federal claims against the named Defendants, including breach of contract, negligence, violation of the 14th Amendment, violation of the ADA, a § 1983 claim, and a False Claims Act claim.

Motions to Dismiss were subsequently filed on behalf of Defendants Howard and UHC. (Docs. 11, 33.)  Judge Crabtree granted Defendant Howard's dispositive motion and dismissed Howard from the case.  He granted Defendant UHC's motion in part, dismissing all federal claims and allowing only the state law breach of contract claim to survive.  (*See generally* Doc. 52.)

Because the District Judge held that Plaintiff's surviving claims against Defendant UHC did not involve Defendant ModivCare, Defendant ModivCare was also dismissed from this lawsuit,

---

[1] The case has since been reassigned to District Judge Anthony W. Mattivi.  *See* (Doc. 108.)
[2] Hereinafter, UnitedHealthcare will be referred to as "Defendant UHC" or "UHC."

without prejudice.[3]  (*Id.*, at 8, 18-19.)  Subsequently, Defendant UHC – the only remaining Defendant in this case – filed its Answer on February 10, 2026.[4]  (Doc. 60.)

Because the only surviving claim was a state-law cause of action, on March 11, 2026, Judge Crabtree ordered Plaintiff to show cause in writing why the Court should not decline to exercise supplemental jurisdiction over this remaining state law claim and thus dismiss the case.  (*See generally* Doc. 83.)  Plaintiff timely responded, contending that (1) exceptional circumstances in this case justify exercising supplemental jurisdiction and (2) diversity jurisdiction now exists.  (Doc. 84.)

Judge Crabtree subsequently entered an Order on May 4, 2026, rejecting both of Plaintiff's show cause arguments.  He held that while Plaintiff's response demonstrated that the parties may be diverse and that the amount in controversy may exceed $75,000, that information was not included in the Complaint.  Because the grounds for jurisdiction were not asserted in the Complaint, he determined that the Court lacked subject matter jurisdiction over Plaintiff's remaining state-law claim and declined to exercise supplemental jurisdiction.  (*See generally* Doc. 93.)  However, because Plaintiff's response to the show cause order contained information that may be sufficient to establish diversity jurisdiction, he gave her 14 days to file a motion for leave to amend the Complaint to address the jurisdictional issue.  (*Id.*)

On May 15, 2026, Plaintiff timely filed a Motion for Leave to File an Amended Complaint and attached the proposed amended complaint to that Motion.  (Docs. 94 and 94-1.)  The Proposed Amended Complaint is 40 pages long, attempts to add two Defendants, and includes numerous

---

[3] The District Court noted that although ModivCare had not filed a responsive pleading at the time of its Order, "a district court 'may properly on its own motion dismiss an action' against 'defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related.' "  (Doc. 52, at 18 (citing *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) and *Sipple v. Zevita*, No. 23-cv-4038-HLT, 2023 WL 4706621, at *5 (D. Kan. July 24, 2023) (dismissing unserved defendant where moving defendant's arguments applied equally to unserved defendant).)  The District Court also held that dismissal was justified pursuant to Section 1915 of Title 28.  *Id.*
[4] This resulted in Plaintiff filing a motion to strike affirmative defenses from the Answer (Doc. 60), which was denied by the undersigned Magistrate Judge on March 19, 2026 (Doc. 86).

federal and state law claims, many of which were previously dismissed by Judge Crabtree. On May 18, 2026, Plaintiff filed a largely superfluous Motion to Add Defendants ModivCare Solutions, LLC, and Thrive Therapy of Kansas, LLC. (Doc. 95.) Defendant UHC opposes both motions (Doc. 103), as discussed *infra*. ModivCare also filed a response opposing the motion. (Doc. 105.)

**ANALYSIS**

**A.      Legal Standards – Motion to Amend.**

The standard for allowing a plaintiff to amend a complaint is well-established in this District. Pursuant to Fed. R. Civ. P. 15(a)(1), a party may amend a pleading as a matter of course either before the responding party answers or within 21 days after service of a responsive pleading. In the present situation, however, the time to amend as a matter of course has passed and Defendant opposes the motion. As such, Plaintiff may amend her pleading only by leave of court per Fed. R. Civ. P. 15(a)(2).

Rule 15(a)(2) provides leave shall be freely given when "justice so requires." The decision of whether to allow an amendment is within the Court's sound discretion. *See J. Vangel Elec., Inc. v. Sugar Creek Packing Co.*, No. 11-2112-EFM, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012) (citing *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995)). In deciding this issue, the Court is to consider the timeliness of the motion, potential prejudice to the opposing party, bad faith on behalf of the movant, and futility of amendment. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

While exercising its discretion, the Court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." *Hinkle v. Mid-Continent Cas. Co.*, No. 11-2652-JTM-KMH, 2012 WL 2581000, at *1 (D. Kan. July 3, 2012) (citation omitted). The Tenth Circuit has determined that Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural

4

niceties.' " *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09-2616-KHV-DJW, 2010 WL 4004874, at *4 (citations omitted).  This is true "[e]ven when a party has run afoul of the rules" when there is no bad faith by that offending party and/or no prejudice to the non-moving party. *AK Steel Corp. v. PAC Operating Ltd. P'ship*, No. 15-9260-CM-GEB, 2016 WL 6163832, at *4 (D. Kan. Oct. 24, 2016).

Within the framework of these legal standards, the Court will evaluate Plaintiff's request to amend her Complaint and add new parties.  That stated, the context and parameters of the Order (Doc. 93) allowing Plaintiff to file a motion to amend also requires the Court to employ a somewhat more specified approach consistent with Judge Crabtree's directives and limitations regarding an amended pleading.  The Court notes there is long-standing authority in this District for Courts to limit the scope an amendment when granting leave to amend.  *Murray v. Sevier*, 149 F.R.D. 638, 644 (D. Kan. 1993) (allowing a plaintiff to file a fourth amended complaint setting forth a RICO claim with specifically limited parameters and stating the court "will not permit any other RICO claim, however.").

**B.    Plaintiff's Motions for Leave to File an Amended Complaint and Add New Parties.**

As discussed above, Judge Crabtree gave Plaintiff a 14-day deadline to move to amend her Complaint to assert a jurisdictional basis for state law breach of contract claim against UHC – the sole claim remaining in the lawsuit.  (*Id.*)

Based on this context, the undersigned infers that Judge Crabtree intended for Plaintiff's amendment to address the jurisdictional issue <u>only</u>.  There is nothing in the history of this case or within the limited confines of Judge Crabtree's prior Orders that would indicate he was inviting Plaintiff to file a wholesale new Complaint in an attempt to bring back previously dismissed parties, including ModivCare, or revive previously dismissed claims.  As Defendant UHC argues, "[t]here's

5

no basis in the Jurisdiction Order for the addition of new claims, new allegations, and a new party at this late date." (Doc. 103, at 6.)

The Court agrees. Courts within the Second Circuit Court of Appeals, for instance, have "routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted." *Palm Beach Strategic Income, LP v. Salzman*, 457 Fed. Appx. 40, 43 (2nd Cir. 2012) (internal citations omitted). Other District Courts have followed suit. *See Smith v. Charter Communs.*, No. 18-80-MOC-DSC, 2019 WL 2751078, at *5 (W.D. N. C., July 1, 2019) (citing with approval *Salzman, supra*); *Wright v. Sutton*, No. 08-1431, 2017 WL 2873049, at *4 (S.D. W. V., July 5, 2017) (citing, in part, with approval *Salzman, supra*); *FDIC v. Kooyomjian*, 220 F.3d 10, 15 (1st Cir. 2000) (no abuse of discretion where district court struck new counts alleging new theories of recovery where court granted leave to amend for the "limited purpose" of showing that existing claims were not barred); *Benton v. Baker Hughes*, No. 12-07735 MMM, 2013 WL 3353636, *3 (C.D. Cal. June 30, 2013) (striking new claims where plaintiff had been given leave to amend only to address the deficiencies in his existing causes of action as new claims exceed the scope of the leave to amend); *DeLeon v. Wells Fargo Bank, N.A.*, No. 10-1390-LHK, 2010 WL 4285006, *3 (N.D. Cal. Oct. 22, 2010) ("In cases like this one ... where leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleading should be dismissed or stricken."); *Farac v. Sundown Energy, LP*, No. 06-7147, 2009 WL 2241329, *3 (E.D. La. Jul. 23, 2009) (granting motion to strike portions of amended complaint where the Court did not grant leave for plaintiff "to expand the scope of the present lawsuit" in the proposed amended pleading.); *Williams v. Equity Holding Corp.*, 245 F.R.D. 240, 245 (E.D. Va. 2007) (granting defendants' motion to strike where plaintiffs had "gone outside the scope given by this court to amend their amended complaint").

6

Plaintiff's motion to amend, therefore, **DENIED without prejudice** on this basis. *See Murray*, 149 F.R.D., at 644 (setting specific, limited parameters for any proposed amended complaint while indicating the court "will not permit any other … claim"). The proposed amended Complaint submitted by Plaintiff (Doc. 94-1) does not comply with Judge Crabtree's Order allowing Plaintiff leave to amend. (*See generally* Doc. 83.) Further, Plaintiff's second motion seeking leave to add ModivCare and Thrive Therapy as Defendants is denied for the same reasons.

Because Plaintiff's proposed amended Complaint intertwines the jurisdictional basis for the remaining claim against UHC with other, impermissible content, the Court cannot sever that portion and allow it to be filed alone. Accordingly, the undersigned will allow Plaintiff <u>one final opportunity</u> to file a motion for leave to amend her Complaint. Any such motion, as well as the corresponding proposed amended Complaint, shall be <u>limited to resolving the diversity jurisdiction issue discussed in Judge Crabtree's Order (Doc. 93)</u>.

In other words, <u>any attempts by Plaintiff to add new Defendants (such as Thrive Therapy), reassert claims against previously dismissed Defendants (such as ModivCare), revive causes of action previously dismissed (such as her prior ADA claim), and/or bring new causes of action, will result in any such motion to amend being summarily denied without further discussion by the Court</u>. If Plaintiff elects to move to amend in accordance with this Order and Judge Crabtree's prior Order, she must comply with all governing procedural rules. *See* D. Kan. Rule 15.1; Fed R. Civ. P. 15. If Plaintiff fails to file a motion for leave to amend **on or before August 11, 2026**, the undersigned Magistrate Judge will recommend to the District Judge that judgment be entered against her and that the case be closed.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion for Leave to File Amended Complaint" (Doc. 94) and "Motion to Add Defendants ModivCare Solutions, LLC and Thrive Therapy of Kansas, LLC" (Docs. 94, 95) are **DENIED without prejudice**. Plaintiff may file one

final motion for leave to amend her pleading on or before **August 11, 2026**.  If Plaintiff fails to do so, or the requested amendment does not comply with the parameters set forth herein, the undersigned Magistrate Judge will recommend to the District Court that judgment be entered against Plaintiff and that this case be closed.

**IT IS SO ORDERED.**

Dated July 28, 2026, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge

8