**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| LISA SALLAJ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED HEALTHCARE OF THE MIDWEST, INC., ,<br><br>Defendant. | Case No. 25-1119-AWM-BGS |

**ORDER GRANTING MOTION TO AMEND**

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint. (Doc. 112.) Briefing on the motion is complete. (Docs. 116, 117.)

The undersigned Magistrate Judge previously denied without prejudice Plaintiff's prior motion to amend (Doc. 94), finding that that proposed amended Complaint submitted by Plaintiff (Doc. 94-1) did not comply with the parameters and limitations regarding jurisdiction set by District Judge Crabtree in allowing Plaintiff leave to file a motion to amend.[1] (See generally Docs. 83, 109.) In denying Plaintiff's prior request to amend, the undersigned Magistrate Judge allowed Plaintiff "one final opportunity to move to amend her Complaint consistent with Judge Crabtree's[2] directives." (Doc. 109, at 2.)

In this subsequently-filed motion to amend, Plaintiff argues that her present motion (and proposed amended pleading) is "submitted for the limited purpose of establishing the Court's

[1] That Order found that the Court lacks diversity jurisdiction over the operative pleading in this case, which would require the dismissal of Plaintiff's Complaint without prejudice. (Doc. 93, at 3.) Judge Crabtree "recognize[d] plaintiff has asserted she's armed with facts that might suffice for the court to exercise diversity jurisdiction," thus "in the interest of judicial economy," Plaintiff was given the opportunity to file a motion for leave to amend her Complaint. (*Id.*)
[2] The case has since been reassigned to District Judge Anthony W. Mattivi. (Doc. 108.)

subject matter jurisdiction over Plaintiff's single remaining state-law claim." (Doc. 112, at 1.) In response, Defendant UnitedHealthcare of the Midwest, Inc.,[3] argues that the proposed amended pleading is futile and does not establish complete diversity. (Doc. 116.)

As more fully discussed herein, the undersigned Magistrate Judge finds that Plaintiff's proposed amended Complaint (Doc. 112-1) alleges facts that, if true, would establish the citizenship of the remaining parties and amount in controversy. As such, Plaintiff's motion (Doc. 112) is **GRANTED**.

## FACTUAL BACKGROUND

Plaintiff filed her federal court Complaint alleging an unfair denial of Medicaid services in violation of federal statute(s) and her Constitutional rights. (Doc. 1.) Therein, Plaintiff named the following Defendants: Laura Howard, Secretary of the Kansas Department of Aging and Disability Services ("KDADS"), in her official capacity, UHC, and ModivCare. (*Id.*)

After screening Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(a), the undersigned Magistrate Judge granted *in forma pauperis* status to Plaintiff and authorized service on the named Defendants. (Doc. 4.) The Complaint asserted numerous state and federal claims against the named Defendants, including breach of contract, negligence, violation of the 14th Amendment, violation of the ADA, a § 1983 claim, and a False Claims Act claim.

Motions to Dismiss were subsequently filed on behalf of Defendants Howard and UHC. (Docs. 11, 33.) Judge Crabtree granted Defendant Howard's dispositive motion and dismissed Howard from the case. He granted Defendant UHC's motion in part, dismissing all federal claims and allowing only the state law breach of contract claim to survive. (*See generally* Doc. 52.)

Because the District Judge held that Plaintiff's surviving claims against Defendant UHC did not involve Defendant ModivCare, Defendant ModivCare was also dismissed from this lawsuit,

[3] Hereinafter, UnitedHealthcare will be referred to as "Defendant UHC" or "UHC."

without prejudice.[4] (*Id.*, at 8, 18-19.) Subsequently, Defendant UHC – the only remaining Defendant in this case – filed its Answer on February 10, 2026.[5] (Doc. 60.)

With the only surviving claim being a state-law cause of action, on March 11, 2026, Judge Crabtree ordered Plaintiff to show cause in writing why the Court should not decline to exercise supplemental jurisdiction over this remaining state law claim and thus dismiss the case. (*See generally* Doc. 83.) Plaintiff timely responded, contending that (1) exceptional circumstances in this case justify exercising supplemental jurisdiction and (2) diversity jurisdiction now exists. (Doc. 84.)

Judge Crabtree subsequently entered an Order on May 4, 2026, rejecting both of Plaintiff's show cause arguments. He held that while Plaintiff's response demonstrated that the parties may be diverse and that the amount in controversy may exceed $75,000, that information was not included in the Complaint. Because the grounds for jurisdiction were not asserted in the Complaint, he determined that the Court lacked subject matter jurisdiction over Plaintiff's remaining state-law claim and declined to exercise supplemental jurisdiction. (*See generally* Doc. 93.) However, because Plaintiff's response to the show cause order contained information that may be sufficient to establish diversity jurisdiction, he gave her 14 days to file a motion for leave to amend the Complaint to address the jurisdictional issue. (*Id.*)

On May 15, 2026, Plaintiff timely filed a Motion for Leave to File an Amended Complaint and attached the proposed amended complaint to that Motion. (Docs. 94 and 94-1.) The Proposed Amended Complaint was 40 pages long, attempted to add two Defendants, and included numerous

[4] The District Court noted that although ModivCare had not filed a responsive pleading at the time of its Order, "a district court 'may properly on its own motion dismiss an action' against 'defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related.' " (Doc. 52, at 18 (citing *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) and *Sipple v. Zevita*, No. 23-cv-4038-HLT, 2023 WL 4706621, at *5 (D. Kan. July 24, 2023) (dismissing unserved defendant where moving defendant's arguments applied equally to unserved defendant).) The District Court also held that dismissal was justified pursuant to Section 1915 of Title 28. *Id.*

[5] This resulted in Plaintiff filing a motion to strike affirmative defenses from the Answer (Doc. 60), which was denied by the undersigned Magistrate Judge on March 19, 2026 (Doc. 86).

federal and state law claims, many of which were previously dismissed by Judge Crabtree. On May 18, 2026, Plaintiff filed a largely superfluous Motion to Add Defendants ModivCare Solutions, LLC, and Thrive Therapy of Kansas, LLC. (Doc. 95.) Defendant UHC opposed both motions (Doc. 103), as discussed *infra*. ModivCare also filed a response opposing the motion. (Doc. 105.)

Plaintiff's motion was denied by the undersigned Magistrate Judge. (Doc. 109.) The Court acknowledged that Judge Crabtree intended for Plaintiff to move to amend her Complaint to assert a jurisdictional basis for state law breach of contract claim against UHC and held that the proposed Amended Complaint (Doc. 94-1) exceeded the parameters and limitations set by Judge Crabtree.[6] (Doc. 109, at 2, 5.) The Court gave Plaintiff another opportunity to fix the deficiency and stated that "[i]f Plaintiff fails to do so, or the requested amendment does not comply with the parameters set forth herein," the undersigned would recommend dismissal of Plaintiff's claims to the District Judge. (Doc. 109, at 7-8.)

In her current motion, Plaintiff alleges that the proposed Amended Complaint does not purport to add new Defendants, reassert or plead new claims, or attempt to revive claims or previously dismissed parties. She contends that the proposed Amended Complaint complies with the Court's prior directives and only attempts to correct the jurisdictional deficiencies by pleading facts to establish diversity jurisdiction, namely the citizenship of the remaining parties and that the claimed damages exceed $75,000. Specifically, Plaintiff alleges that there is diversity of citizenship between Plaintiff and the remaining Defendant, UHC, stating that she is a citizen of the State of Kansas, while Defendant UHC, is a corporation organized under the laws of, and with its principal place of business in, Missouri.[7]

---

[6] The undersigned also denied Plaintiff's other motion, which sought leave to add ModivCare and Thrive Therapy as Defendants, for the same reasons. (*Id.*, at 7.)

[7] The citizenship of a corporation is determined by its state of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

Defendant UHC's argument in opposition is solely based on futility and that the proposed amendment does not establish subject matter jurisdiction. Defendant's arguments are two-fold. First, Defendant argues that for diversity jurisdiction purposes, the Court must look to the original Complaint that named KDADS as a party. Defendant asserts that because KDADS is a state agency and has no citizenship, complete diversity does not exist. Second, Defendant argues that Plaintiff has not set forth sufficient facts to support recoverable damages in excess of $75,000. For those reasons, Defendant asserts Plaintiff's motion should be denied as futile.

**ANALYSIS**

The standard for allowing a plaintiff to amend a complaint is well-established in this District. Pursuant to Fed. R. Civ. P. 15(a)(1), a party may amend a pleading as a matter of course either before the responding party answers or within 21 days after service of a responsive pleading. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). In the present situation, the time to amend as a matter of course has passed and Defendant UHC opposes the motion. Thus, Plaintiff may amend her pleading only by leave of court per Fed. R. Civ. P. 15(a)(2).

It is well-settled that in ruling on a motion for leave to amend, courts are instructed to freely give leave when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also* Fed. R. Civ. P. 15(a)(2). Whether to allow an amendment is within the Court's sound discretion. *See J. Vangel Elec., Inc. v. Sugar Creek Packing Co.*, No. 11-2112-EFM, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012) (citing *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995)). The Tenth Circuit has recognized that Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.' " *Id.* (quoting *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09–2616–KHV–DJW, 2010 WL 4004874, at *4 (D.Kan. Oct. 12,

2010)). Even so, the U.S. Supreme Court has held that Rule 15's directive to "freely give leave" is a "mandate...to be heeded." *Foman*, 371 U.S. at 182.

A court may deny leave to amend upon a showing of untimeliness of the motion, potential prejudice to the opposing party, bad faith on behalf of the movant, and futility of amendment. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Practically speaking, the party opposing a motion to amend bears the burden to demonstrate why the court should not permit the amendment." *Zickel v. Overland Park, Kan., P.D.*, No. 24-2506-EFM-ADM, 2025 WL 1078854, at *1 (D. Kan. April 10, 2025) (citing *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (ruling that in the absence of such a showing, amendment should be allowed)). *See also Painter v. Midwest Health, Inc.*, No. 19-2336-DDC-ADM, 2020 WL 5016878, at *3 (D. Kan. Aug. 25, 2020) (citing *Wilkerson, supra*)).

Defendant UHC argues Plaintiff's motion should be denied on the basis of futility because complete diversity jurisdiction is not present and Plaintiff's claim for damages in excess of $75,000 is tenuous. (Doc. 116, at 4.) Defendant UHC has indicated that, if Plaintiff's motion is granted, it also has other bases to move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (*Id.*, at n.2.)

It is well-established that a court may deny a motion to amend on the basis of futility if the proposed amended pleading "could not withstand a motion to dismiss or otherwise fails to state a claim." *Beckett v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *ConAgra Foods Food Ingredients Co., Inc. v. Archer-Daniels-Midland Co.*, No. 12-2171-EFM-KGS, 2014 WL 359566, at *2 (D. Kan. Feb. 3, 2014) (*quoting Ashcroft v. Iqbal*, 556 U.S.662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal citation omitted)). As the party opposing the motion, the burden is on Defendant to establish the futility of Plaintiff's proposed amendment. *Williamson v. United Parcel Service, Inc.,* 2020 WL 1638063, at *2 (D. Kan. April

2, 2020) (citation omitted).

As discussed above, the undersigned gave Plaintiff a final opportunity to amend her Complaint in accordance with Judge Crabtree's prior Order. The proposed Amended Complaint now before the Court alleges facts establishing the diverse citizenship of the remaining parties and pleads damages in excess of $75,000. Whether the previously dismissed defendant, KDADS's, citizenship should be factored into the diversity analysis and whether its citizenship would destroy complete diversity is a question more appropriately raised on a motion to dismiss before the District Judge, who is tasked with resolving dispositive and jurisdictional matters. *Lynch v. Andersons Exec. Servs. LLC*, No. 25-2148-KHV-BGS, 2025 WL 2336455, at *5 (D. Kan. Aug. 13, 2025) (citing *Poulos v. Brickley Enters.*, LLC, No. 19-2629-JAR-JPO, 2020 WL 1812269, at *3 (D. Kan. Apr. 8, 2020) (". . . district judges (as opposed to magistrate judges) are tasked with determining dispositive matters in a case.")). Further, Plaintiff's allegations regarding the value of her claims, accepted as true at this stage, are sufficient to plausibly plead an amount in controversy exceeding $75,000; whether she can ultimately substantiate that figure is a matter for a later stage of the case, not amendment.

Accordingly, given the liberal standards governing amended pleadings, the Court exercises its discretion and grants leave to amend. This ruling addresses only whether Plaintiff may amend her pleading; it does not resolve, and is not intended to resolve, any question of this Court's subject matter jurisdiction. Defendant is not precluded from renewing these arguments by way of a motion to dismiss in response to the amended complaint.[8]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 112) is **GRANTED**. The Clerk's office is directed to file Plaintiff's proposed Second Amended Complaint, as attached to Plaintiff's motion (Doc. 112-1).

---

[8] The Court notes that it will likely stay this case pending any dispositive motion that is subsequently filed by Defendant UHC.

**IT IS SO ORDERED.**

Dated September 14, 2026, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge